## WOODWARD V. STARK.

1. To support a plea as in abatement, secondary evidence is competent only when record evidence is shown to be unavailable.

2. Naked papers purporting to be a complaint and answer in an action similarly entitled, but not shown to have been filed, served or used in any action, with no evidence of a summons or its service, are insufficient to support such plea.

3. An allegation of a pending contest before the land department cannot be proved by parol evidence until better evidence is shown to be unavailable.

4. The statement of defendant, as a witness in his own behalf, that at a certain date prior to the date of plaintiff's duplicate receipt from the local land office, showing his homestead filing, he (defendant) "made settlement on this land as a pre-emption," is insufficient to establish his rights therein as superior to the rights of the plaintiff, who held such duplicate receipt, and confessedly was, and had been from its date, in actual possession of a part of the land covered by it.

(Syllabus by the Court.   Opinion filed January 24, 1894.)

Appeal from circuit court, Marshall county.   Hon. A. W. CAMPBELL, Judge.

Action to recover possession of land, and damages for trespass thereon.   Plaintiff had judgment and defendant appeals.   Affirmed.

*J. E. Robinson* and *A. Sherin*, for appellant.

The defendant's plea or answer showed a prior action commenced and still pending between the same parties for the same cause.   It was error for the trial court to overrule the plea and dismiss the action, and require the defendants to at once answer the complaint and go to trial on the merits.

The plaintiff's complaint did not state a cause of action; it showed simply an equitable title in the plaintiff with possession of the property in another.   A mere equitable title will not support an action in ejectment.   Fussell v. Gregg, 113 U. S. 554: Hipp v. Babin, 19 How. 271; Parker v. Mfg. Co., 2 Black 545; Grand Chute v. Winegar, 15 Wall. 373; Lewis v. Cocks, 23 Wall. 466; Killian v. Ebbinghaus, 110 U. S. 568; Handin v. Jordan, 140 U. S. 371.

It appears that a contest involving the rights of the parties to this suit to the land in controversy was pending before the

proper United States land officers. The jurisdiction of the land courts of the United States in questions of the character presented by this case is exclusive and the court had no jurisdiction to determine the rights of the respective pre-emption claimants to public land.    Forbes v. Driscoll, 31 N. W. 633.

*VanBuskirk & Weeden,* for respondents.

KELLAM, J.   In his complaint the plaintiff alleges that on the 3d day of May, 1883, he, then being duly qualified, filed upon and entered as a homestead, at the local land office in Watertown, a certain parcel of land therein described; that, on or about the first day of June following, he went into actual possession, and broke up a portion of said land, and within six months after his filing he constructed a building thereon, and has ever since continued to live and make his home upon the said land, and that on or about January 27, 1888, he made his final proof, and received his final receipt therefor; that on or about August 15, 1883, the defendant unlawfully intruded into and upon a portion of said land, and unlawfully retains possession of the same, using it and cutting hay thereupon, against the will of plaintiff, and to his damage in the sum of $1,500. The defendant's amended answer denied the allegations of the complaint, and set up his own actual possession of all of·said land "except twelve acres moie or less," from the 11th day of April, 1883; and, further, that at the commencement of this action there was another action pending between the same parties, and for the same cause of action, which was still undetermined; and, further, that there was then pending and undecided, before the United States land office, a contest proceeding involving the rights of these same parties in and to this very land.   The trial resulted in a verdict and judgment for plaintiff, and from such judgment defendant appeals.

The corut first tried the issue made by the answer, in the nature of a plea in abatement, that there was a prior action pending, and found against the defendant.   This was right.

The answer set up an affirmative fact to be established by the defendant. There was no proof of another action pending. The evidence consisted of papers purporting to be a complaint and an answer, with the same title as the case on trial, and the evidence of the clerk that there was nothing in his records showing that such an action had been discontinued; but this evidence did not show that such an action had ever been commenced or brought. It did not appear that either the purported complaint or answer had ever been served or filed. They were not a part of the records in any case. They were the bare papers, and might have been prepared, and never served. Civil actions in this state are commenced by the service of a summons. Section 4892, Comp. Laws. The primary way of showing that an action has been commenced is to show that a summons has been served. The evidence presented came far short of proving another action pending. 2 Greenl. Ev. § 26, and cases cited. Holding, as we do, that the plea in abatement was properly overruled on this ground, it is unnecessary to compare the complaint offered in evidence with the one in this case to ascertain if they cover the same cause of action.

The defendant's allegation of a pending contest before the land department of the United States, involving the rights of these parties in and to this land, was equally unproved. The evidence offered was the oral testimony of defendant's attorney, and was as follows: "There is a contest pending in regard to this land, and in that contest these same parties are contestant and defendant, and it relates entirely to this same piece of land. The contestant is Mr. Stark, and the defendant is Jerome F. Woodard, and they are each in that contest, seeking to obtain title to this identical tract of land." This was clearly insufficient and incompetent, under elementary rules of evidence, and was properly ruled out. 1 Greenl. Ev. § 483 *et seq.* If there was a contest, there was a record of it; if a record, its contents could not, in the first instance, be proved in this way.

This brings us to the merits,—the sufficiency of the com-

plaint to allege, and the evidence to prove, a cause of action. The complaint states a cause of action under Section 5464, Comp. Laws. It alleges that plaintiff had settled upon public lands of the United States; that he entered the same as a homestead in the local land office, and received a duplicate receipt there-therefor, June 1, 1883; that about August 15th following, defendant unlawfully entered upon the said land, plowed up and cultivated the same, and cut hay thereon, to plaintiff's damage. These facts, if proved, would constitute a cause of action in plaintiff's favor against defendant, under said section. Upon the trial it was admitted that plaintiff "filed a homestead upon the tract of land described in the complaint on the 3d day of May, 1883, in the land office at Watertown, South Dakota, and that this land was in the Watertown district." The plaintiff then introduced evidence that subsequently, and while he was occupying said land under his homestead entry, the defendant went upon it, plowed a part of it, and cut the grass on other parts, and gave further evidence as to the amount of his damages. This evidence clearly established plaintiff's rights, under said Section 5464, as a settler upon this land, and his right to recover for injury to it, until it was countervailed by adverse testimony. This was not done. Defendant did testify, against plaintiff's objection, that he made settlement on this land April 11, 1883, as a pre-emption; that on the 9th day of May, 1883, he gave his declaratory statement, and two dollars in money, "to a man" to send to the land office, but that he never heard anything more from it; that June 9th he offered another filing at the land office, which was "rejected on account of the homestead filing;" that August 9th he offered another filing, which "was accepted and went to record." This was all oral evidence, and was properly stricken out. Part of it was incompetent, and part immaterial. There was no competent evidence offered from which the court could see that defendant had any rights to the premises. He testified that he made settlement upon the land in April. This was competent only as a statement of the

fact that he then commenced to occupy the land. It, alone, did not prove his as a pre-err ptioner. It was clearly insufficient to justify the court in adjudging his rights superior to those of the plaintiff, who had and presented the duplicate receipt from the receiver of the land office. Whatever may, even then, have been the right of the defendant, as subsequently declared by the land department upon an investigation of the facts, it is evident the rights of the parties in this action must be determined by the legal effect of the evidence produced. We think, upon the evidence before it, the trial court was right in directing the jury to assess the damages in favor of the plaintiff. The judgment is affirmed.